Filed 2/18/16  P. v. Carrasco CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GERARDO ANTHONY CARRASCO,<br><br>    Defendant and Appellant. | C079565<br><br>(Super. Ct. No. CM038764) |

 

Appointed counsel for defendant Gerardo Anthony Carrasco has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979)

---

[1]    Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

1

25 Cal.3d 436.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

In May 2013, defendant was on active parole and wearing a GPS monitoring device. When the device showed that defendant had not returned to his residence one night, defendant's location was tracked. Officers found defendant sitting with a woman and holding a methamphetamine pipe to his mouth. Upon his arrest, he was found to have a bag of marijuana, a bag of concentrated cannabis, a container of methamphetamine, and a knife.

Defendant was charged with possession of methamphetamine and possession of concentrated cannabis. (Health & Saf. Code, §§ 11377, subd. (a), 11357, subd. (a).) It was further alleged that he had served five prior prison terms and had two prior strike convictions. (Pen. Code, §§ 667.5, subd. (b), 667, subd. (d), 1170.12, subd. (b).)

Defendant pleaded no contest to possession of methamphetamine and admitted having serviced a prior prison term. The remaining count and allegations in the information were dismissed with a *Harvey* waiver.[2] On June 25, 2014, the trial court placed defendant on probation and ordered him to enroll in an outpatient program.

On March 18, 2015, defendant's urine sample tested positive for methamphetamine and morphine. Thereafter, on April 10, 2015, defendant was terminated from his rehabilitation program and moved to an unknown address without reporting the change of address to his probation officer.

A petition for violation of probation was filed on April 17, 2015, and, on June 10, 2015, defendant admitted to violating his probation by testing positive for

---

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

methamphetamine and morphine, and by moving from his residence without permission. The trial court sentenced defendant to the upper term of three years for possession of methamphetamine and a consecutive year for his prior prison term, for a total of four years in state prison. Defendant was ordered to pay various fines and fees, and was awarded 156 days of presentence custody credit. Defendant appeals.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

      NICHOLSON      , Acting P. J.

We concur:

      ROBIE      , J.

      MAURO      , J.